Certiorari Granted, May 24, 2013, No. 34,120

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2013-NMCA-060

Filing Date: March 25, 2013

Docket No. 31,442

STATE OF NEW MEXICO,

>   Plaintiff-Appellee,

v.

ABRAHAM BACA,

>   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Stephen Pfeffer, District Court Judge**

Gary K. King, Attorney General
William Lazar, Assistant Attorney General
Santa Fe, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

Dan Cron Law Firm, P.C.
Leon F. Howard III
Santa Fe, NM

for Amicus Curiae ACLU of N.M.

OPINION

**VIGIL, Judge.**

**{1}** This case commenced as a criminal prosecution in the magistrate court. The question presented is whether double jeopardy bars a trial de novo in the district court when the arresting officer completed his testimony on direct examination, and the magistrate court suppressed the arresting officer's testimony and dismissed the case with prejudice. We conclude that the magistrate court judge's ruling constituted an acquittal and that a trial de novo in the district court would violate Defendant's constitutional right to be free from double jeopardy. The district court having ruled otherwise, we reverse.

## I. BACKGROUND

**{2}** Sergeant Martin Trujillo arrested Defendant and filed a criminal complaint in the magistrate court charging Defendant with aggravated driving while under the influence of intoxicating liquor (DWI) and illegally driving left of center on a roadway. NMSA 1978, §§ 66-8-102 (2010) and -7-313 (1978). Magistrate Judge Naranjo dismissed the criminal complaint without prejudice after the prosecutor failed to attend a pretrial conference.

**{3}** The prosecutor subsequently filed a second criminal complaint in the magistrate court charging the same offenses, but failed to comply with the requirements of Rule 6-506A(C) NMRA for a refiled criminal complaint.[1] A non-jury trial commenced before Judge Naranjo, and the State called Sergeant Trujillo as its first witness. While he was testifying on direct examination, Defendant attempted to conduct a voir dire about the criminal complaint he filed and the second criminal complaint filed by the prosecutor. Judge Naranjo halted the inquiry, explaining that he wanted to hear the direct testimony without interruption and that the voir dire would be heard and considered during cross-examination. Judge Naranjo further stated that he would reserve ruling on the admissibility and weight of the testimony until after the cross-examination of Sergeant Trujillo was completed.

**{4}** During Sergeant Trujillo's cross-examination, Defendant demonstrated that the second criminal complaint filed by the prosecutor did not comply with the requirements for a refiled criminal complaint mandated by Rule 6-506A. Defendant therefore moved for a finding that the State had violated Rule 6-506A(C) and for a sanction to suppress Sergeant Trujillo's testimony. Judge Naranjo granted the motions, and he filed a final order dismissing the charges with prejudice. The order recites that upon Defendant's motion, the officer's testimony was suppressed, and the "case dismissed with prejudice of the following

---

[1]Rule 6-506A(C) directs:
"If a citation or complaint is dismissed without prejudice and the charges are later refiled, the refiled complaint shall be clearly captioned 'Refiled Complaint' and shall include the following:
    (1)    the court in which the original charges were filed;
    (2)    the case file number of the dismissed charges;
    (3)    the name of the assigned judge at the time the charges were dismissed; and
    (4)    the reason the charges were dismissed."

charge(s): aggravated driving while under the influence of intoxicating liquor or drugs and driving left of center of road ways."

**{5}** The State appealed to the district court. *See* Rule 5-826(A) NMRA (stating that a party who is aggrieved by the judgment or final order in a criminal action in magistrate court "may appeal, as permitted by law, to the district court"). After the State's notice of appeal was filed, Judge Naranjo filed an amended final order on criminal complaint nunc pro tunc in the magistrate court. In pertinent part, this order states:

> A motion was made by [Defendant] to suppress the testimony of Sergeant Martin Trujillo for violation of [Rule] 6-506-A(C)[, ](D). Sergeant Martin Trujillo was the arresting [o]fficer. A second motion was made by [Defendant] for a directed verdict of not guilty due to insufficient evidence to proceed. Motion to suppress and directed verdict of not guilty were granted.
>
> THE DEFENDANT IS THEREFORE ACQUITTED.

**{6}** The State's appeal triggered a trial de novo to be held in the district court. *See* Rule 5-826(J) ("Trials upon appeals from the magistrate or municipal court to the district court shall be de novo."). Contending that a trial de novo in the district court would violate his constitutional right to be free from double jeopardy, Defendant filed a motion to dismiss the State's appeal. *See* U.S. Const. amend. V (stating that no person shall "for the same offense to be twice put in jeopardy"); N.M. Const. art. II, § 15 (stating that no person shall "be twice put in jeopardy for the same offense"). The State responded, and the motion was set for an evidentiary hearing. The State also objected to the amended final order, and the district court ruled that the amended final order was not valid and would not be considered in ruling on Defendant's motion to dismiss.

**{7}** Judge Naranjo was subpoenaed to testify at the evidentiary hearing in district court. Judge Naranjo testified that after Sergeant Trujillo completed his direct testimony in the trial in magistrate court, Defendant asserted that the second criminal complaint did not comply with Rule 6-506A, and, for a sanction, asked that Sergeant Trujillo's testimony be suppressed. After taking a recess, Judge Naranjo was in the process of announcing his decision when the prosecutor interrupted and said the State was going to dismiss the charges. Judge Naranjo said he responded that "I didn't need to listen to her dismissing the case, that I would be dismissing the case." Judge Naranjo said that after he announced that Sergeant Trujillo's testimony would be suppressed, defense counsel made a motion for a directed verdict, and he granted that motion as well. Judge Naranjo explained that he was reminded by defense counsel that instead of dismissing the case, he should find Defendant not guilty. Agreeing, Judge Naranjo announced that Defendant was not guilty of the charges. He granted the motion for a directed verdict because after Sergeant Trujillo finished testifying, he determined that Defendant "was not guilty of the charges, and, consequently, I dismissed the charges against him."

3

**{8}** Referring to the original order dismissing the case with prejudice, Judge Naranjo testified that it did not correctly reflect what had happened because he did not dismiss the case, he granted Defendant's motion for a directed verdict, and he found Defendant not guilty. Judge Naranjo said that the errors were likely made by his clerk in preparing the order, and when the errors were discovered, they were corrected in the amended order, which accurately reflects what actually occurred.

**{9}** In cross-examination, Judge Naranjo acknowledged that other witnesses for the State were in the hallway when he dismissed the case and that the State had not finished presenting all of its evidence. Furthermore, he had no information on what evidence the other witnesses would have offered. Pressed how he could grant an acquittal without hearing these witnesses, Judge Naranjo answered:

> [T]he evidence that had been presented was being presented by the chief or the main witness for the State, in this case, Sergeant Martin Trujillo.
>
> . . . .
>
> [I]f the evidence was going to be suppressed where nothing could be heard from him, my opinion was that we should finish the case, terminate it.

He subsequently added that the most important evidence pertaining to the case "had and should have been given by Sergeant Trujillo," and when Judge Naranjo granted the defense motion to suppress Sergeant Trujillo's testimony, "that, to me, as far as I was concerned, would stop the case from going further."

**{10}** Sergeant Trujillo also testified at the evidentiary hearing. In order to avoid him repeating what his testimony was at the magistrate court trial, and to save time, the parties stipulated that Sergeant Trujillo was the investigating and arresting officer and that he gave testimony that was relevant to proving a DWI charge in the magistrate court. Sergeant Trujillo then testified that after he completed giving his testimony at the trial, Defendant made an argument that the second criminal complaint filed by the prosecutor was missing information and that after taking a recess of about five minutes, Judge Naranjo ruled he would suppress Sergeant Trujillo's testimony, and he dismissed the case with prejudice. In addition, Sergeant Trujillo also remembered that the term "directed verdict" was also used, although he was not sure exactly when.

**{11}** The district court denied Defendant's motion to dismiss, reasoning that the sanction imposed in the magistrate court for a violation of Rule 6-506A(C) "was not an evidentiary ruling but was based on a procedural issue." Therefore, the district court concluded that double jeopardy was not a bar to a trial de novo in the district court under *State v. Montoya*, 2008-NMSC-043, ¶ 11, 144 N.M. 458, 188 P.3d 1209 ("[A]n order of dismissal on procedural grounds or in a manner that does not amount to an acquittal is an appealable final order."), and *State v. Lizzol*, 2007-NMSC-024, ¶ 12, 141 N.M. 705, 160 P.3d 886 (stating

4

that a legal judgment that a defendant may not be prosecuted for reasons unrelated to factual guilt or innocence is not an acquittal). Defendant appeals. We have jurisdiction pursuant to *State v. Apodaca*, 1997-NMCA-051, ¶ 17, 123 N.M. 372, 940 P.2d 478 (allowing an immediate appeal from an order denying a motion to dismiss on grounds of double jeopardy).

## II.     ANALYSIS

**{12}**     Defendant contends the district court erroneously denied his motion to dismiss on double jeopardy grounds. We generally apply a de novo standard of review to whether double jeopardy applies to a given set of facts. *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77.

**{13}**     We begin our analysis with *County of Los Alamos v. Tapia*, 109 N.M. 736, 790 P.2d 1017 (1990). In *Tapia*, a police officer observed the defendant running a stop sign and driving with an inoperable tail light near the Los Alamos-Santa Fe County boundary. The police officer pursued the defendant into Santa Fe County, where he arrested the defendant for DWI. *Id.* at 737-38, 790 P.2d at 1018-19. Following his conviction in the Los Alamos County municipal court, the defendant appealed to the district court for a trial de novo. *Id.* at 738, 790 P.2d at 1019; *see* NMSA 1978, § 35-15-10 (1959) ("All trials upon appeals by a defendant from the municipal court to the district court for violations of municipal ordinances shall be de novo and shall be tried before the court without a jury."). The first witness was the arresting officer who testified about his observations, the defendant's field sobriety tests, and a breath test. *Tapia*, 109 N.M. at 738, 790 P.2d at 1019. During the officer's testimony, the defendant made a motion to suppress all evidence resulting from the arrest on grounds that the arrest in Santa Fe County violated the Fresh Pursuit Act, NMSA 1978, §§ 31-2-1 to -8 (1937, as amended through 1981). *Tapia*, 109 N.M. at 738, 790 P.2d at 1019. The district court judge agreed with the defendant and granted the motion to suppress. *Id.* The district court also dismissed the charges because the defendant's arrest was "illegal" and all evidence in support of the charges had been suppressed. *Id.*

**{14}**     Our Supreme Court concluded that the district court ruling did not constitute a determination of the facts in the case, rather "it was purely and simply a ruling on the legality of [the] defendant's arrest and the consequent admissibility *vel non* of the prosecution's evidence." *Id.* at 739, 790 P.2d at 1020. As such, our Supreme Court held that double jeopardy did not prohibit the retrial, even though the dismissal was ordered after jeopardy had attached. *Id.* at 744, 790 P.2d at 1025; *see Lizzol*, 2007-NMSC-024, ¶ 21 (modifying *Tapia*'s holding "that the defendant was not acquitted in the trial court because the court's ruling was based on an interpretation of a statute and was unrelated to a factual finding of guilt or innocence").

**{15}**     On the other hand, our Supreme Court concluded that retrial was barred by double jeopardy in *Lizzol*, because the trial judge did make a factual determination concerning the defendant's guilt. *Id.* ¶ 24. In *Lizzol*, the defendant was charged with DWI, and trial was

5

before the metropolitan court judge. *Id.* ¶¶ 2-3. The arresting officer testified about the defendant's driving behavior, the defendant's performance on field sobriety tests, the defendant's admission that he had consumed alcohol, and a breath alcohol test (BAT) he gave to the defendant. *Id.* When the state attempted to introduce the BAT card into evidence with the test result, the defendant objected on grounds that the arresting officer's testimony was insufficient to establish a foundation for its admission into evidence. *Id.* ¶¶ 3-4. The metropolitan court judge was concerned about whether case law required testimony from someone who was more familiar than the arresting officer about the certification process of the breath alcohol machine in order for its results to be admissible into evidence.[2] *Id.* ¶ 4.

{16}   The prosecutor requested a final order be entered that the arresting officer was not qualified to verify the machine's certification, stating that the state would then appeal. *Id.* The metropolitan court judge responded:

> Yeah, because I'd sure like to find the answer to that. And I'm not saying I necessarily believe it one way or another. I'm just saying right now, it's too close to call. And if it's going to be that way, I'm going to find reasonable doubt in all of this stuff.
>
> So I'll go ahead and find that—that the officer in this case was not the proper person to be appropriately—the appropriately qualified witness by certification. And as such, I'll suppress the breath test.

*Id.* (internal quotation marks omitted). The metropolitan court judge added: "I'll get a final order out. As such, I'm going to find that I had reasonable doubt in the case." *Id.* (internal quotation marks omitted). After ensuring that the state was resting its case, the metropolitan court judge continued: "So I find that I have reasonable doubt based on that. And as such, would find the [d]efendant not guilty at this point, and then we'll just leave it as such."[3] *Id.*

---

[2]In *State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894, filed the same day as *Lizzol*, our Supreme Court held that before a BAT card is admitted into evidence, the state must make a threshold showing that the machine was certified by the Scientific Laboratory Division (SLD) and that the SLD certification was current at the time the test was taken. *Id.* ¶ 12. The trial court must be satisfied that this foundation requirement was met by a preponderence of the evidence, and in making its decision, the trial court is not bound by the rules of evidence except those concerning privileges. *Id.* ¶ 21.

[3]Unlike the magistrate court, the metropolitan court is a court of record in actions involving DWI and domestic violence. NMSA 1978, § 34-8A-6(C) (1993) ("The metropolitan court is a court of record for criminal actions involving driving while under the influence of intoxicating liquors or drugs or involving domestic violence."). Thus, the actions taken by the metropolitan court judge and the reasons were contained in the record

6

(internal quotation marks and citation omitted). The written order subsequently entered stated:

> BY THE ORDER OF THIS COURT: The breath card is suppressed because the officer is found not to be "A qualified individual" to testify to the certification of the breath machine under [case law], the case is therefore dismissed.

*Id.* The state appealed to the district court.[4] *Id.* ¶ 5. The district court concluded that the metropolitan court judge erred in not admitting the BAT card and remanded the case to the metropolitan court for trial. *Id.*

**{17}** The defendant then appealed to this Court, asserting that double jeopardy prohibited the state's appeal to the district court. *Id.* Concluding that *Tapia* allowed the state to appeal a trial court's exclusion of evidence, a panel of this Court held that double jeopardy did not bar the state's appeal to the district court. *Id.* On certiorari, our Supreme Court reversed. *Id.* ¶ 6.

**{18}** Consistent with the established precedent, our Supreme Court said that determining whether the metropolitan court ruling constituted an acquittal did not hinge on the written or oral words used by the metropolitan court judge. *Id.* ¶ 7. "Instead, whether a defendant was acquitted depends on whether the trial court's ruling, however labeled, correctly or incorrectly resolved some or all of the factual elements of the crime." *Id.* Looking to the metropolitan court judge's oral ruling, our Supreme Court concluded:

> When the [metropolitan court] judge decided that the [s]tate lacked foundation to admit the BAT card into evidence, he exercised his discretion and made an evidentiary ruling. Absent the BAT card, the [metropolitan court] judge concluded that the [s]tate lacked evidence sufficient to convict [the defendant]. Regardless of whether the evidentiary ruling was correct, the [metropolitan court] judge, based on that ruling, made a factual finding that the [s]tate could not prove its case. Even if the final written order can be construed as something other than a judgment of acquittal, and notwithstanding the [metropolitan court] judge's clear indication that he wished the issue to be appealed, [the defendant] was acquitted for purposes

on appeal before the district court and the Supreme Court.

---

[4]The appeal was pursuant to Section 34-8A-6(C), which provides in pertinent part, "Any party aggrieved by a judgment rendered by the metropolitan court in a criminal action involving driving while under the influence of intoxicating liquors or drugs or involving domestic violence may appeal to the district court of the county in which the metropolitan court is located[.]"

of double jeopardy.

*Id.* ¶ 24 (internal quotation marks omitted). Thus, our Supreme Court concluded, the state's appeal to the district court was barred by double jeopardy. *Id.* ¶ 29.

**{19}** *Marquez* provides us with additional guidance. In *Marquez*, the defendant was convicted of careless driving and DWI in the municipal court, and he appealed to the district court for a trial de novo. 2012-NMSC-031, ¶ 4. In the district court, the arresting officer testified about the defendant's driving, his slurry speech, the odor of intoxicating liquor emanating from his breath, his red and bloodshot eyes, his performance on field sobriety tests, and the results of a blood test. *Id.* ¶¶ 5-7. After a three-month continuance, defense counsel commenced cross-examination, but stopped his questioning after the officer said he was not feeling well and could not remember his prior direct testimony. *Id.* ¶ 8. Without calling any other witnesses, the city rested. *Id.*

**{20}** The defendant then asked the district court judge to review a video recording of the entire stop and arrest made by a video camera in the officer's patrol car that had been admitted into evidence during the arresting officer's direct testimony. *Id.* ¶ 9. After the district court judge did so, the defendant moved for a directed verdict on the DWI charge on grounds that he was unable to cross-examine the arresting officer and that the video contradicted the arresting officer's testimony about the defendant's driving, speech, and behavior. *Id.* The district court judge reviewed the video and concluded it contradicted the arresting officer's testimony in several material ways, and that based on the video, the arresting officer lacked reasonable suspicion to expand the traffic stop into a DWI investigation. *Id.* ¶ 10. Thus, the district court judge sua sponte ruled that he would suppress all evidence from the DWI investigation and enter an order dismissing the DWI charge, while upholding the careless driving charge. *Id.* ¶ 11. The written order stated that having heard testimony, and taken evidence, the court had determined that the arresting officer did not have reasonable suspicion to expand the scope of the traffic stop into a DWI investigation, and on that basis all evidence of DWI developed as a result of the investigation following the traffic stop was suppressed, "and the charge of DWI is . . . dismissed with prejudice." *Id.* (alteration and internal quotation marks omitted). The written order did not explicitly rule on, or make reference to, the defendant's motion for a directed verdict. *Id.*

**{21}** The city appealed the district court order to our Supreme Court. *Id.* ¶ 1. NMSA 1978, § 35-15-11 (1959) (stating that a municipality may appeal to the Supreme Court from any final decision of the district court on appeal from the municipal court). Our Supreme Court concluded that under *Lizzol*, the district court action constituted an acquittal. *Marquez*, 2012-NMSC-031, ¶¶ 12-18. Specifically, our Supreme Court determined that "the district court's evidentiary ruling here, although not styled as an order of acquittal, nonetheless functioned as an acquittal" just as the order in *Lizzol* did, because "by making the suppression ruling after the [c]ity rested its case and simultaneously dismissing the DWI charge, the district court effectively determined that the [c]ity lacked sufficient evidence to meet its burden of proof." *Id.* ¶ 16. Further, our Supreme Court specifically held that *Tapia*

8

did not apply:

> Like the factual finding in *Lizzol* and unlike the jurisdictional determination in *Tapia*, the district court in the present appeal based its order of dismissal on an evidentiary ruling that directly related to [the defendant's] guilt or innocence. That is because in suppressing the evidence resulting from the DWI investigation after the [c]ity had rested its case and dismissing the DWI charge, the district court here implicitly held the evidence to be insufficient to support [the defendant's] conviction on the DWI charge.

*Id.* ¶ 18. Therefore, double jeopardy prohibited the city from retrying the defendant on the DWI charge, and the city's appeal was dismissed. *Id.* ¶ 12.

**{22}** The facts of this case are undisputed and uncontradicted, and they bring us to the inescapable conclusion that Judge Naranjo resolved factual issues on elements of the crimes in Defendant's favor. Sergeant Trujillo was the State's first witness at the magistrate court trial, and with the commencement of his testimony, jeopardy attached. *State v. Nunez*, 2000-NMSC-013, ¶ 28, 129 N.M. 63, 2 P.3d 264 (stating that in a bench trial, "jeopardy attaches when the court begins to hear at least some evidence on behalf of the state"). After Sergeant Trujillo completed his testimony, Defendant asserted that the second criminal complaint did not comply with Rule 6-506A(C), and for a sanction, asked that Sergeant Trujillo's testimony be suppressed. Judge Naranjo granted the motion. Once Sergeant Trujillo's testimony was suppressed, Defendant made a motion for a directed verdict. A motion for a directed verdict challenges the sufficiency of the State's evidence to prove the crime charged. *See generally State v. Armijo*, 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919 ("A motion for a directed verdict challenges the sufficiency of the evidence[.]"); *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993) ("The question presented by a directed verdict motion is whether there was substantial evidence to support the charge."). With Sergeant Trujillo's testimony suppressed, Judge Naranjo determined that the evidence was insufficient to prove either charge against Defendant, and he dismissed the case with prejudice. While additional witnesses were waiting to testify, the State failed to advise Judge Naranjo what evidence they were prepared to offer. In addition, since the State failed to make an offer of proof on the record, we would have to speculate what their testimony would have been.

**{23}** We have discussed *Tapia*, *Lizzol*, and *Marquez* in great detail. Our purpose was to make it clear that *Tapia* is not applicable and that under *Lizzol* and *Marquez*, Defendant was acquitted in the magistrate court. We hold that the magistrate court's dismissal constituted an acquittal and, therefore, the State was barred from appealing to the district court on the basis that the magistrate court's suppression order was erroneous. Because there was an acquittal, we may not address whether or not Judge Naranjo's ruling suppressing Sergeant Trujillo's testimony was erroneous. *Marquez*, 2012-NMSC-031, ¶ 15 (stating that when there is an acquittal, the state may not appeal from the evidentiary ruling on which the acquittal is based); *Lizzol*, 2007-NMSC-024, ¶ 7 (stating that a verdict of acquittal cannot

9

be reviewed "even if it was based on an 'egregiously erroneous foundation' " (quoting *Fong Foo v. United States*, 369 U.S. 141, 143 (1962) (per curiam))); *Tapia*, 109 N.M. at 741, 790 P.2d at 1022 (stating that once a defendant is acquitted, whether there has been trial error or another defect in the process leading to the acquittal is not subject to review). The efficacy of an acquittal rendered by the fact finder in a criminal case is inviolable.

## III.    CONCLUSION

{24}    The order of the district court denying Defendant's motion to dismiss is reversed, and the case is remanded to the district court for entry of an order dismissing the State's appeal.

{25}    **IT IS SO ORDERED.**

 

 

 

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

 

_____

**RODERICK T. KENNEDY, Chief Judge**

 

_____

**JONATHAN B. SUTIN, Judge**

**Topic Index for *State v. Baca*, No. 31,442**

**APPEAL AND ERROR**
Standard of Review
Trial de Novo

**CONSTITUTIONAL LAW**
Double Jeopardy

**CRIMINAL LAW**
Driving While Intoxicated

**CRIMINAL PROCEDURE**

Directed Verdict
Dismissal of Charges
Double Jeopardy
Final Order
Motion to Suppress
Prejudice

Sanctions

**JURISDICTION**
Appellate Jurisdiction
District Court
Magistrate Court