■ In the Matter of Maurice E. Doolen, Petitioner, v Arthur A. Darrigrand, as Oneida County Judge, et al., Respondents.—Application unanimously denied, without costs, and, petition dismissed. Memorandum: On October 22, 1976, after a jury trial in Oneida County Court, petitioner was acquitted of arson second degree and arson third degree (Penal Law, §§ 150.15, 150.10). The charges stemmed from a fire which caused damage to a building in Utica. The jury disagreed on the lowest submitted charge of arson fourth degree (Penal Law, § 150.05). The issue presented by petitioner's application for a writ of prohibition pursuant to CPLR article 78 against the District Attorney and County Judge of Oneida County is whether petitioner's acquittal of the two higher counts in the indictment (arson second degree and arson third degree) should preclude his retrial on the lowest submitted count (arson fourth degree) under CPL 310.70 (subd 2) as barred by former jeopardy. Inasmuch as neither the exception contained in paragraph (a) nor that in paragraph (b) of CPL 310.70 (subd 2) is applicable, the general rule governs, and petitioner may be "retried for any submitted offense upon which the jury was unable to agree" (CPL 310.70, subd 2). Paragraph (a) of CPL 310.70 (subd 2) prevents retrial on a submitted offense upon which a jury could not agree where "a verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense." A verdict of conviction of arson fourth degree, which requires a finding of intent to start a fire or cause an explosion recklessly resulting in damage to a building (Penal Law, § 150.05) would not be inconsistent with the acquittals on higher counts in the indictment charging arson second degree and arson third degree. Intent to do damage to a building is not a necessary element of arson fourth degree (Penal Law, § 150.05). Both arson second degree and arson third degree require—in addition to proof of intent to start a fire—

proof of intent to damage a building (Penal Law, §§ 150.15, 150.10). Thus, a defendant who lacked the specific intent to damage a building required by arson second degree and arson third degree could, nevertheless, properly be found guilty of arson fourth degree. Paragraph (b) of CPL 310.70 (subd 2) prevents retrial for a submitted offense upon which a jury could not agree if that offense and some other submitted offense "of higher or equal grade *which was the subject of a verdict of conviction,* were so related that consecutive sentences thereon could not have been imposed upon a defendant convicted of both offenses" (emphasis added). To make CPL 310.70 (subd 2, par [b]) operative here, petitioner would have to have been *convicted* of either arson third or arson second, or both. Here, those charges were both the subject of verdicts of acquittal. Thus neither exception to CPL 310.70 (subd 2) is available. Petitioner is, therefore, subject to retrial for arson fourth degree. Accordingly his petition must be dismissed. (Article 78.) Present—Cardamone J. P., Simons, Hancock, Denman and Witmer, JJ.