■ In the Matter of PETER PASTRANA, Petitioner, v EDWARD A. BAKER, as County Court Justice, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit respondents from retrying petitioner for the crime of assault in the second degree under Indictment No. 48006. Proceeding dismissed on the merits, without costs or disbursements. In 1978 petitioner was indicted for assault in the first degree (two counts) and assault in the second degree, after allegedly having struck another in the face with a broken beverage glass. At the conclusion of the trial the court submitted two counts to the jury, assault in the first degree (intentionally causing serious physical injury to another) and assault in the second degree (recklessly causing serious physical injury to another). After considerable deliberation, the forelady informed the court by written note that the jury had "reached a not guilty verdict on the assault in the first degree charge" and added, "We are deadlocked on the assault in the second degree charge." The trial court then dismissed the jury, stating that "an acquittal on the first charge is an acquittal of both charges", and ordered petitioner discharged and bail exonerated. Some weeks later, the court clerk recalled the underlying action. Petitioner's attorney stated that the court had ordered his client discharged, to which the Trial Judge replied that the acquittal order on the assault in the second degree count would be vacated on the People's application. He acknowledged that it had been a mistake to discharge the petitioner, since "the elements of the two counts were completely different" and "There was no merger." The Trial Judge set the case down for trial on the assault in the second degree charge. Thereafter, petitioner commenced this proceeding to prohibit his retrial on the ground of former jeopardy. The discharge of a jury rests in the sound discretion of the trial court, and does not bar a second trial, if, under all the circumstances, "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated" *(United States v Perez,* 9 Wheat [22 US] 579, 580; see, also, *People v Michael,* 48 NY2d 1, 9). The jurors had deliberated for some 19½ hours (less meal and sleep periods) before informing the court of their deadlock. They then deliberated for another half hour before again volunteering that they were deadlocked on the second degree assault count. On this record, the trial court did not abuse its discretion in discharging the jury and accepting a partial verdict (CPL 310.70, subd 1, par [a]; see *Arizona v Washington,* 434 US 497, 516-517). Although a judgment of acquittal bars retrial for the same offense (CPL 40.20, subd 1; *United States v Martin Linen Supply Co.,* 430 US 564, 571-572; *People v Brown,* 40 NY2d 381, 386, cert den 429 US 975, mot for rearg den 42 NY2d 1015, cert den 433 US 913), in this case the trial court's purported acquittal of petitioner was based on the mistaken belief that the verdict of acquittal on the count of assault in the first degree mandated a dismissal of the count of assault in the second

degree. This action was apparently based on CPL 310.70 before it was amended in 1974 (L 1974, ch 762, § 1, eff Sept. 1, 1974). Under paragraph (a) of subdivision 2 of that section as presently worded (and as it was worded at the time of petitioner's trial), retrial of petitioner on the count of assault in the second degree is not barred because a conviction for that offense would not in any sense be inconsistent with the acquittal on the first degree charge (see *Matter of Doolen v Darrigrand,* 58 AD2d 1028, mot for lv to app den, 42 NY2d 810; Bellacosa, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 310.70, Supp [1972-1979], p 376). The trial court's mistaken release of petitioner, which it later attempted to rectify, does not bar an otherwise authorized retrial on the count of assault in the second degree. A dismissal without legal basis or justification must be distinguished from one based on insufficiency of the evidence, which would bar a retrial (see *People v Boynton,* 67 AD2d 982). In *Boynton (supra),* as in the instant proceeding, the trial court never made any factual determination favorable to the defendant. Damiani, J. P., Martuscello and Weinstein, JJ., concur; Cohalan, J., concurs in the result on constraint of *People v Boynton* (67 AD2d 982).