OPINION OF THE COURT
Chief Judge Cooke.
Reprosecution on a charge is not barred by the constitutional protection against double jeopardy when the earlier “acquittal” was based on an erroneous legal ruling not involving any review of the facts. The retrial of a lesser count, on which the jury deadlocked, is not prohibited when, after discharging the jury and without adjudication on the facts, the Judge ordered an acquittal in the mistaken belief that the jury’s acquittal on the greater count required the same result on the lesser. The order of the Appellate Division, therefore, should be affirmed.
Petitioner was charged with assault. Two counts of the indictment were submitted to the jury: count one for assault in the first degree (intentionally causing serious physical injury); and count two for assault in the second degree (recklessly causing serious physical injury). The jury retired to deliberate at 2:00 p.m. on March 17, 1980. Deliberations continued the next day until 9:36 p.m., when the jury -reported itself deadlocked, but agreed as to one unidentified charge. The Judge directed them to return to the deliberations room and prepare their verdict sheet. The jury did so and immediately returned, reporting not guilty on the first count and no verdict on the second count.
Referring to some equivocality in the jury’s note, the Trial Judge again returned the jury to its deliberations. At 10:06 p.m., the jury sent out a message, reiterating its earlier decision of not guilty on count one and a deadlock on count two.
At this point, the court sua sponte discharged the jury without objection by counsel. The Trial Judge then began to schedule the case for a new trial, but instead ordered an acquittal on the second count based on the acquittal on the first count. The prosecutor attempted to object or to obtain an explanation of the ruling. The Trial Judge, however, in *318 haste, gave the prosecutor an inadequate opportunity to elaborate.*
Approximately three weeks later, the Trial Judge vacated his order of acquittal upon an oral application by the District Attorney. The Judge cited as the reason for vacatur his misstatement that an acquittal on the first count required an acquittal on the second as well. Petitionér’s counsel had no prior notice of the motion, and extemporaneously argued that the jury’s decision was a compromise verdict.
After a date was set for his retrial on the second count, petitioner commenced this article 78 proceeding in the nature of prohibition to prevent retrial. Petitioner asserted that in light of the court’s “acquittal”, a new trial would subject him to double jeopardy. The Appellate Division dismissed the petition on the merits, holding that the Trial Judge’s order had been a mistake of law and not a determination on the facts.
There is no question that the court erred when it ruled that petitioner could not be retried because the acquittal on count one required an acquittal on count two. Under CPL 310.70 (subd 2), retrial is barred only if inconsistent verdicts would result or there has been a conviction and the remaining counts are those for which consecutive sentences could not be imposed in the event of conviction. Neither situation is present here. Inasmuch as each count involved a different theory of criminal liability and petitioner was found not guilty on count one, retrial was not barred on count two.
*319 The issue to be decided is whether the Trial Judge’s ruling, denominated an “acquittal”, constituted such an order as would foreclose any further prosecution of petitioner on the second count. It is fundamental that both the Federal and State Constitutions’ prohibitions against double jeopardy (US Const, 5th Amdt; NY Const, art I, § 6) preclude retrial after a determination going to factual innocence. Although the term “acquit” evokes the concept of a determination based on factual grounds, the mere use of that word will not preclude a reviewing court from ascertaining the true nature of the decree in light of all the circumstances (see United States v Scott, 437 US 82, 96). A new trial may be held if the dismissal or acquittal does not amount to an adjudication on the facts, even if jeopardy has attached (People v Kurtz, 51 NY2d 380, 386-387; see United States v Scott, supra). The order of dismissal may occur even after the jury has been discharged, without proscribing a new trial.
In the present case, the Trial Judge ordered the acquittal on the second count because he believed it necessary in light of the verdict on count one. The timing of his decision and the reason stated therefor permit no conclusion other than that the court made its ruling as a legal matter. At most, the court attributed to the jury’s acquittal on count one an incorrect legal effect — acquittal on count two. Under no reasonable view can it be said that the Judge ruled for petitioner on the basis of a review of the facts.
Inasmuch as the “acquittal” was erroneously entered and it was not founded on an adjudication of the facts, there is no bar to vacating that order and retrying petitioner on the second count. In doing so, petitioner will not be subjected to double jeopardy.
Petitioner’s other points are either unpreserved or without merit.
Accordingly, the judgment of the Appellate Division should be affirmed, without costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Judgment affirmed.

 The following colloquy ensued at the end of the trial:
“the court: This case is set down for a new trial for April 28, 1980 on the second charge. Wait a minute, no way, an acquittal on the first charge is an acquittal of both charges.
“defense counsel: That’s right.
“the court: The defendant is discharged. Bail is exonerated.
“defense counsel: Thank you, Your Honor.
“prosecutor: How is that, Judge?
“the court: Vaya con Dios. That’s the way it is.
“prosecutor: How so, Judge? How is an acquittal on —
“the court: It is inclusive.
“defense counsel: That’s the law. It’s inclusive.
“prosecutor: It’s inclusive? He was found not guilty of one count of the indictment.
“defense counsel: That’s all inclusive. My motion was going to be made.
“the court: Motion granted. Good night.”