686 P.2d 272

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**David MESSIER, Defendant-Appellant.**

No. 7635.

Court of Appeals of New Mexico.

Aug. 7, 1984.

Reggie C. Chavez, Belen, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Chief Judge.

Defendant pursues this interlocutory appeal from the trial court's order granting a mistrial following commencement of his trial for criminal sexual penetration, contrary to NMSA 1978, Section 30–9–11. The issue presented is whether a retrial of defendant is barred under principles of double jeopardy.

The facts as they relate to the claim of double jeopardy are as follows: Defendant was charged with criminal sexual penetration of a minor. Prior to trial the state moved to have the testimony of the alleged victim, an eleven-year-old child, videotaped in lieu of requiring her to testify at trial. The motion was granted under authority of NMSA 1978, Crim.P. Rule 29.1 (Repl.Pamp. 1980) on the ground that requiring the child to testify at trial would cause her mental or emotional harm.

On December 27, 1983, defendant's trial commenced. After the jury was impaneled and sworn, the state presented the testimony of two witnesses. Thereafter, the state attempted to present the testimony of the child through the videotaped deposition. From the outset problems were encountered with the videotape. The videotape was inaudible; the voices of the judge and the attorneys were barely able to be heard, and the child could not be heard. Upon ascertaining that the child's testimony could not be heard, the court ordered a recess and sought to reinquire whether alternatively the child should be required to testify in person.

After a further hearing, on December 30, 1983, the court entered an order finding that the videotape was of poor quality and could not be used as testimony; that the child was unavailable to testify as a witness due to an existing illness; and that the child had previously been ruled unable to testify without suffering harm. The court found that a mistrial should be ordered and specifically reserved the right to retry defendant. *See State v. Spillmon*, 89 N.M. 406, 553 P.2d 686 (1976). The order for a mistrial was entered over the defendant's objection.

## PROPRIETY OF THE MISTRIAL

Defendant contends that there was no manifest necessity for a mistrial and that any retrial upon the charge is barred by a constitutional prohibition of double jeopardy. U.S. Const.amend. V; N.M. Const. art. II, § 15.

■ The double jeopardy clause protects a defendant from multiple prosecutions for the same offense. *State v. Spillmon.* When a court sua sponte declares a mistrial, manifest necessity must be the basis. *State v. Wardlow*, 95 N.M. 585, 624 P.2d 527 (1981); *State v. De Baca*, 88 N.M. 454, 541 P.2d 634 (Ct.App.), *cert. denied*, 89 N.M. 6, 546 P.2d 71 (1975). The applicable test, upon appellate review, is whether the trial court exercised its sound discretion in deciding that there was manifest necessity for the declaration of a mistrial. *State v. DeBaca; State v. Sedillo*, 88 N.M. 240, 539 P.2d 630 (Ct.App.1975); *O'Kelly v. State*, 94 N.M. 74, 607 P.2d 612 (1980).

■ In considering whether to declare a mistrial, the trial court must also consider whether the ends of public justice would be defeated by carrying the first trial to verdict. *State v. Dunn*, 93 N.M. 239, 599 P.2d 392 (Ct.App.), *cert. denied*, 92 N.M. 675, 593 P.2d 1078 (1979); *State v. De Baca.* The trial court faces a difficult problem which involves evaluating competing interests. As the United States Supreme Court has observed, "a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials

designed to end in just judgments." *Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). The cases applying the concepts of "manifest necessity" and "the ends of public justice" are not easy to reconcile. *See, e.g.,* S. Schulhofer, *Jeopardy and Mistrials*, 125 U.Pa.L.Rev. 449 (1977) (reviewing the variety of situations involving double jeopardy and mistrials and the varying standards applied to each).

Does the record disclose a manifest necessity for declaring a mistrial under the circumstances herein? The standard requiring a showing of manifest necessity places a heavy burden on the prosecution to show a valid basis for the trial court's ruling. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

The issue of whether absence or unavailability of a key prosecution witness at trial may fall within the parameters of manifest necessity is a matter of first impression in New Mexico.

■ A grant of a mistrial is not proper merely to allow the state to strengthen its case at a subsequent trial, or to secure the attendance of a witness which it neglected to subpoena or to have present at trial. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *United States v. Lynch*, 467 F.Supp. 575 (D.D.C. 1978), *cert. denied*, 440 U.S. 939, 99 S.Ct. 1287, 59 L.Ed.2d 498 (1979), *aff'd sub nom. United States v. Bruner*, 657 F.2d 1278 (D.C.Cir.1981); *Brown v. State*, 181 Ind. App. 102, 390 N.E.2d 1058 (1979). Nor is a mistrial properly grounded upon manifest necessity where the state has acted in bad faith in seeking the mistrial. *State v. Mestas*, 93 N.M. 765, 605 P.2d 1164 (Ct.App. 1980); *see also State v. Connery*, Nev., 679 P.2d 1266 (1984).

■ No mechanical rule exists for determining the existence of manifest necessity. The standard involves a careful weighing of defendant's right to have his trial completed and the public's interest in a fair trial and just judgment. *United States v. Lynch.* Determination of the propriety of manifest necessity must be made under the

particular facts of each individual case. *United States v. Sisk*, 629 F.2d 1174 (6th Cir.1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981); *Wheeler v. State*, 87 Wis.2d 626, 275 N.W.2d 651 (1979). The public interest in a fair trial and just verdict is a factor to be considered along with defendant's dual interest in proceeding to verdict and avoiding retrial for the same offense. *People v. Baca*, 193 Colo. 9, 562 P.2d 411 (1977); *People v. Espinoza*, 666 P.2d 555 (Colo.1983).

Manifest necessity for the declaration of a mistrial has been upheld by the courts in other jurisdictions under certain circumstances where a judge, juror or witness has become ill or unavailable. *United States v. Lynch* (illness of judge is an exigency justifying mistrial); *State v. Riggins*, 111 Ariz. 281, 528 P.2d 625 (1974) (trial judge's illness warrants retrial); *People v. Upshaw*, 13 Cal.3d 29, 117 Cal.Rptr. 668, 528 P.2d 756 (1974) (illness of juror justifies retrial); *People v. Castro*, 657 P.2d 932 (Colo.1983) (mistrial appropriate due to sudden hospitalization of victim); *Reemsnyder v. State*, 46 Md.App. 249, 416 A.2d 767 (1980) (retrial was justified where juror experienced breathing difficulties during deliberations and was eventually admitted to hospital coronary unit); *State v. Connery* (attempted suicide of main prosecution witness warranted mistrial); *Hall v. Potoker*, 49 N.Y.2d 501, 427 N.Y.S.2d 211, 403 N.E.2d 1210 (1980) (injury to major prosecution witness justified mistrial); *State v. Misten*, 26 Or.App. 681, 554 P.2d 584 (1976) (manifest necessity existed where key witness was not available).

■ Where a continuance is not feasible, manifest necessity may justify the granting of a mistrial. *Rasmussen v. White*, 502 F.Supp. 237 (E.D.Tex.1980).

■ Explicit findings on the presence of manifest necessity, while strongly recommended, are not determinative of the issue involved, but the record must provide sufficient justification for the granting of the mistrial. *Arizona v. Washington; Ortiz v. District Court*, 626 P.2d 642 (Colo. 1981). Before a mistrial is granted, other

reasonable alternatives must be considered. Where a reasonable continuance may resolve the problem, it should be undertaken in lieu of granting a mistrial. *State v. De Baca. See also United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). When the issue of double jeopardy is raised by a defendant, the burden rests upon the state to show the existence of manifest necessity so as to justify the declaration of mistrial. The trial court, however, is not required to make a detailed record of each alternative explored prior to declaring a mistrial. *State v. De Baca.* In *Arizona v. Washington*, the Court held that a trial judge's declaration of mistrial is not subject to collateral attack in federal court simply because he failed to articulate all the factors which were considered in the exercise of his discretion, or failed to utilize the words "manifest necessity."

The thrust of defendant's contention that there was no manifest necessity justifying a mistrial centers on his claim that the state inadequately prepared for trial. Defendant contends that the state should have viewed the videotape during the three-week period from the time the videotape was made until the start of the trial. Defendant calls attention to the trial judge's comment when the videotape was played that he "didn't think it was [audible] the day he [the prosecutor] made it, because we couldn't hear her then." While it may be arguable that the prosecutor could have discovered the problem had he viewed the videotape before trial, in this age of advanced technology, we are not prepared to say the prosecutor was derelict in failing to do so. Further, two voice-only tapes taken presumably at the same time as the videotape are audible. Listening to these gives no clue that the victim could not be heard on the videotape. The prosecutor, knowing that Rule 29.1 allows use of the videotape, and being unaware that the victim's voice could not be heard, could have reasonably acted as he did.

Defendant concedes in his brief that by continuing the trial until 9:00 a.m. the following day, the trial court "acted appropri-

ately in seeking an alternative to the declaration of a mistrial." We agree. The record indicates that there was justification for the trial court to conclude at that time that reexamining whether the witness could be called in person was the only reasonable alternative. *See State v. Misten.*

In *State v. De Baca,* this court identified factors relevant to the scope of the trial judge's inquiry when deciding whether contact with a juror requires the declaration of a mistrial: (1) the point at which proceedings would be terminated, and (2) the magnitude of prejudice to the defendant. In the case before us, the state had not completed its case, and the problem with the videotape was obvious as soon as it began to play. Further, the problem resulted from the witness's voice being completely inaudible on the videotape. Defendant implicitly argues that the state gained some advantage by having a mistrial declared. The state did not request a mistrial, and the record does not support even an inference that it sought to gain, or would gain, any advantage from a mistrial. Thus, having considered the factors identified in *State v. De Baca,* we believe those factors did not require inquiry beyond that shown by this record. *Cf. State v. Sedillo* (trial court made no effort to assure that a manifest necessity supported the declaration of a mistrial).

Although defendant asserts that the prosecution should have viewed the videotape and, having viewed it, should have subpoenaed the victim, this contention overlooks the very purpose for which the videotaped deposition was taken. The record indicates that the victim was unable to participate in the first scheduled deposition, apparently as a result of her reaction to a pre-deposition interview. In light of the victim's pre-trial attempts to testify, we cannot hold the trial court's view of the situation an abuse of discretion. *Cf. State v. Dunn* (trial court's view that no amount of admonition would eliminate the prejudice not disturbed on appellate review). *See also People v. Castro* (continuance of a few days offered no assurance that the victim

would be well enough to testify); *State v. Misten* (trial court was entitled to conclude that the circumstances made continuing the trial physically impossible). While under the circumstances of this case, failure to preview the videotape does not rise to the level that warrants reversal, our decision should not be read as approving that practice.

As shown by the record herein the trial court expressly determined that the use of the videotape deposition of the child's testimony was necessary because the child "is unable to testify before a jury in a public trial without suffering unreasonable and unnecessary mental or emotional harm." Rule 29.1 and NMSA 1978, Section 30–9–17 (Repl.Pamp.1984) set forth a strong policy interest of this state in protecting children who have allegedly been sexually abused from suffering further mental and emotional damage, while balancing the rights of defendant.

The trial court also found that the child was ill and was unavailable to testify on December 28, 1983. Under these facts we find no abuse of the court's discretion in the granting of the mistrial. As stated in *State v. Cole,* 286 Or. 411, 595 P.2d 466, *cert. denied,* 444 U.S. 968, 100 S.Ct. 458, 62 L.Ed.2d 381 (1979), there are two kinds of necessity in double jeopardy cases involving mistrials for reasons of necessity: First, those instances involving physical necessity; and second, the necessity of doing justice which arises from the duty of the court to guard the administration of justice from prejudice. *See also State v. Shuler,* 293 N.C. 34, 235 S.E.2d 226 (1977). From the facts herein, the defect in the videotape and the existing illness of the principal witness constituted a valid basis for the mistrial. *State v. Connery.*

When, taking all the circumstances into account, a basis exists in the record to support a finding of manifest necessity for a mistrial, and upon a proper balancing of defendant's rights and the ends of public justice, the court in its sound discretion may declare a mistrial. *United*

*States v. Larry*, 536 F.2d 1149 (6th Cir.), *cert. denied*, 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976); *Pastrana v. Baker*, 77 A.D.2d 653, 430 N.Y.S.2d 145 (1980), *aff'd*, 55 N.Y.2d 315, 449 N.Y.S.2d 461, 434 N.E.2d 697 (1982); *Hall v. Potoker.* The trial court properly exercised its discretion under the circumstances of this case.

The order granting the mistrial and reserving the right to retry defendant is affirmed.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.