# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: __**April 5, 2018**__

**No. A-1-CA-36304**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**STEVEN VANDERDUSSEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellant

**OPINION**

**KIEHNE, Judge.**

{1}	Defendant appeals from the district court's order denying dismissal of the charges against him on double jeopardy grounds. The district court ruled that the magistrate court properly declared a mistrial based on manifest necessity, where a juror was discharged for stating that she could not be impartial after deliberations had begun and the alternate jurors were dismissed from the courtroom. Defendant argues that the magistrate court failed to consider less severe alternatives to a mistrial—namely, the magistrate court refused to call back the alternate jurors who remained in the courthouse—and, therefore, the mistrial was not based on manifest necessity. We hold that the mistrial was justified by manifest necessity and affirm the district court's denial of Defendant's motion to dismiss.

**PROCEDURAL BACKGROUND**

{2}	To frame our examination of the mistrial, we first address the limits of the record before us and the roles of the courts through which this case has traveled. Because charges were originally filed against Defendant in magistrate court, which is not a court of record, there is no record of the events that occurred there. *See* NMSA 1978, § 35-1-1 (1968) (establishing magistrate courts as courts not of record); *Black's Law Dictionary* 431 (10th ed. 2014) (defining "court of record" as

"[a] court that is required to keep a record of its proceedings"). After the magistrate court declared a mistrial, the State refiled the same charges in district court. In district court, proceedings are held de novo. *Cf.* NMSA 1978, § 35-13-2(A) (1996) ("Appeals from the magistrate courts shall be tried de novo in the district court."); *see State ex rel. Bevacqua-Young v. Steele*, 2017-NMCA-081, ¶ 9, 406 P.3d 547 ("In a de novo appeal to the district court, there is a new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance." (internal quotation marks and citation omitted)). In the de novo proceedings here, Defendant filed numerous motions including a motion to dismiss for violation of the Double Jeopardy Clause, the subject of this appeal. Because the district court was not sitting in a typical appellate capacity, the district court was not bound by the magistrate court's decisions and was required to make an independent determination of whether manifest necessity supported the magistrate court's declaration of a mistrial. *See State v. Foster*, 2003-NMCA-099, ¶¶ 9, 19, 134 N.M. 224, 75 P.3d 824 (holding that because the magistrate court is not a court of record, appeals from there are heard de novo in district court, which required the district court to decide anew, without deference to the magistrate court, whether a mistrial was warranted). The district court, however, was bound by events that transpired in magistrate court and therefore was required to base its independent judgment on the

limited record brought before it and the arguments made by counsel in district court. *See id.* ¶¶ 19-20; *City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 12, 311 P.3d 446 (stating that the history of a case in a court not of record is not disregarded when appealed to the district court for a trial de novo).

{3} The State raises arguments in this case about Defendant's failure to more fully develop the record to establish error. It appears that, at least in the context of a challenge in district court to a plea agreement entered into in magistrate court, the district court is permitted to take evidence to clarify the limited record from magistrate court. *See State v. Gallegos*, 2007-NMCA-112, ¶¶ 16, 18, 142 N.M. 447, 166 P.3d 1101 (explaining that the district court properly conducted an evidentiary hearing to reconstruct the magistrate proceedings to allow it to fulfill its "obligation to determine the validity of the plea in order to determine its jurisdiction over the appeal"). Our Supreme Court has also explained that it is permissible for the district court to hold a hearing to reconstruct the magistrate proceedings when asked to decide whether the magistrate court acquitted the defendant on the merits or dismissed the complaint for a procedural violation. *See State v. Baca*, 2015-NMSC-021, ¶¶ 2, 27, 352 P.3d 1151.

{4} In this case, the district court held a hearing on Defendant's motion to dismiss and relied on the limited magistrate court record and the parties' stipulation to facts,

including the stipulation to the defense's offer of proof, in order to clarify events in magistrate court. There was no objection to this process. Also, neither the parties nor the district court asked that the record be supplemented with testimony from the magistrate judge to determine whether the magistrate judge considered less severe alternatives to a mistrial. We therefore decline the State's request to hold that it is a defendant's burden to re-create a complete record of the magistrate court proceedings. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). In this appeal, we simply rely on the facts as they were presented to, and found by, the district court to review whether the declaration of a mistrial was an abuse of discretion. *See State v. Baca*, 2015-NMSC-021, ¶ 25 (stating that we review double jeopardy claims de novo and defer to the facts found by the district court, not the magistrate court, "because it was the district court that had to find the facts on which to apply the law in ruling on the motion to dismiss"); *see also State v. Gutierrez*, 2014-NMSC-031, ¶ 21, 333 P.3d 247 (noting that "manifest necessity mistrial rulings are reviewed for abuse of discretion").

**FACTUAL BACKGROUND**

{5}      Defendant was charged and tried in magistrate court for misdemeanor DWI and failure to maintain his lane. The case was tried before eight jurors—six regular jurors

and two alternates. After the trial concluded and the jury was instructed on the law, the magistrate court dismissed the two alternate jurors and excused the six-person jury from the courtroom to deliberate. Approximately five minutes into deliberations, a juror informed the magistrate judge by note that she could not be impartial based on her personal and business dealings with Defendant's family. The magistrate judge walked into the courtroom, showed the note to the parties, and directed the parties to discuss the note in chambers. Defense counsel immediately turned to his legal assistant and instructed her to leave the courtroom to see if she could find the two alternate jurors. Defense counsel accompanied his legal assistant and saw that the two alternate jurors were still in the courthouse, standing in the lobby at a counter, doing paperwork or waiting to do paperwork. Defense counsel immediately walked back to chambers and asked the magistrate judge to call the alternate jurors back to determine whether they could still serve as impartial jurors and replace the biased juror. The State asked for a mistrial, and the defense objected. The magistrate judge rejected the defense's proposal without attempting to locate and question the alternate jurors, and declared a mistrial. Thereafter, the magistrate court entered a written order declaring a mistrial due to manifest necessity.

{6}     After hearing the parties' presentation of the facts and legal argument on the events in magistrate court, the district court took the matter under advisement. The

district court also considered the parties' briefs on the matter and entered a detailed letter decision. The district court observed a lack of dispute that good cause existed to dismiss the juror who expressed bias regarding Defendant and framed the question as whether the magistrate court adequately inquired into alternatives to a mistrial. The district court further observed that the absence of a record made it difficult to determine whether alternatives to a mistrial were considered and acknowledged the parties' stipulation that the magistrate judge did not question the alternate jurors about their ability to serve after they were released. On the facts presented to it, the district court concluded that manifest necessity justified a mistrial, based on the district court rule governing alternate jurors, i.e. Rule 5-605(B) and (C) NMRA, and on a Supreme Court opinion holding that Rule 5-605 does not permit substitution of an alternate juror after jury deliberations have begun. *See State v. Sanchez*, 2000-NMSC-021, ¶¶ 1, 23, 129 N.M. 284, 6 P.3d 486. Defendant appeals from this ruling.

**DISCUSSION**

{7}     The Double Jeopardy Clause guarantees that no person shall be "twice put in jeopardy" for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. "However, the principles of double jeopardy do not prohibit retrying a defendant, even over the defendant's objections, after a mistrial that was justified by manifest necessity." *State v. Desnoyers*, 2002-NMSC-031, ¶ 33, 132 N.M. 756, 55 P.3d 968

(internal quotation marks and citation omitted), *abrogated on other grounds as recognized by State v. Rivas*, 2017-NMSC-022, ¶ 47, 398 P.3d 299. The burden of proving "manifest necessity" falls on the prosecutor, and the magnitude of that burden is appropriately characterized by its very terms. *Arizona v. Washington*, 434 U.S. 497, 505 (1978). Two requirements must be met for an appellate court to uphold a mistrial for manifest necessity. "First, the circumstances necessitating the mistrial must be extraordinary ones, sufficient to override the defendant's double jeopardy interests. Second, the trial judge must determine whether an alternative measure—less drastic than a mistrial—can alleviate the problem so that the trial can continue to an impartial verdict." *State v. Yazzie*, 2010-NMCA-028, ¶ 13, 147 N.M. 768, 228 P.3d 1188 (internal quotation marks and citation omitted).

{8}      As indicated above, we review the trial court's declaration of a mistrial for abuse of discretion, which in this case is the standard we apply to the district court's de novo ruling. *See Baca*, 2015-NMSC-021, ¶ 25. The degree of deference and scrutiny we accord the declaration of a mistrial under the abuse of discretion standard depends on the reason for the mistrial. *See Washington*, 434 U.S. at 508-10 (providing examples that fall within the continuum of appellate scrutiny and deference accorded to mistrials); *Gutierrez*, 2014-NMSC-031, ¶ 22 (acknowledging

that while abuse of discretion is the appropriate standard of review for mistrials, the strictest scrutiny is applied to mistrials ordered for missing prosecution witnesses).

{9} The parties in this case do not dispute that it was appropriate to remove the deliberating juror who said she could not be impartial from the jury, which left only five jurors. There also is no dispute that a jury in magistrate court must be comprised of six jurors. *See* NMSA 1978, § 35-8-3(A) (1974); Rule 6-605(A). Thus, the dispute is focused entirely on the second requirement for a finding of manifest necessity—whether there was a less drastic alternative to a mistrial that would "alleviate the problem so that the trial [could] continue to an impartial verdict." *Yazzie*, 2010-NMCA-028, ¶ 13 (internal quotation marks and citation omitted).

{10} Defendant argues that the district court's ruling, relying on district court Rule 5-605, overlooks the fact that procedures in magistrate court differ from those in district court. As Defendant points out, Rule 5-605(C) mandates that in a noncapital case before the district court, "an alternate juror who does not replace a regular juror shall be discharged before the jury retires to consider its verdict." *Id.* The magistrate court rules have no such requirement for the discharge of alternate jurors. Defendant informs us that, unlike in district court, it is common practice in the Clovis Magistrate Court for the judge to ask counsel whether they wish to retain the alternate jurors during deliberations or release them. Defendant contends that the magistrate court

8

should have explored the possibility of replacing the biased juror with one of the alternates and refers this Court to several federal cases that permit, in the absence of prejudice to the defendant, the substitution of an alternate juror who had been dismissed when the case was submitted to the jury for deliberation—the practice is called "post-submission substitution."

{11} We agree with Defendant that generally the magistrate court is not required to follow a district court rule in the absence of a similar magistrate court rule, and we further acknowledge that, typically, the district court is required to apply the rules of the magistrate court when considering issues in de novo proceedings. *See State v. Sharp*, 2012-NMCA-042, ¶ 8, 276 P.3d 969 (emphasizing that, in de novo proceedings, the district court is required to apply the rules of the lower, non-record court in its independent consideration of an issue decided below). Under the circumstances, however, we are not persuaded that the district court erred by relying on the district court rule and New Mexico case law governing the discharge of alternate jurors.

{12} Even assuming that the magistrate court usually gives the parties the option of retaining alternate jurors during deliberations, and assuming that this is permitted in New Mexico, the parties in the current case agreed that the alternate jurors could be excused. There is no indication that the magistrate court advised the alternate jurors

that they continued to be bound by their oath and obligations as alternate jurors when it discharged them. Thus, the alternate jurors were discharged from jury duty, left the courtroom, and were present in the courthouse lobby. *See State v. Rodriguez*, 2006-NMSC-018, ¶ 7, 139 N.M. 450, 134 P.3d 737 (recognizing a presumption of prejudice "once a juror has left the presence and control of the court into an area occupied by the general public"). The magistrate court rules contain no provisions for the use of alternate jurors or the discharge of jurors. While nothing in the magistrate court rules mandates the use of district court rules, we cannot say it was error for the magistrate court to use the rules adopted for district courts in New Mexico as guidance in this situation. *Cf. State v. Romero*, 2014-NMCA-063, ¶¶ 6-8, 327 P.3d 525 (finding guidance, where logical, in civil procedure on a matter where the Rules of Criminal Procedure were silent).

{13}    Furthermore, our Supreme Court has declared by rule and case law that the New Mexico policy governing alternate jurors does not authorize post-submission substitution of jurors. *Sanchez*, 2000-NMSC-021, ¶ 21 ("In the absence of a rule authorizing post-submission substitution, however, we interpret our rule as not authorizing post-submission substitution."). Our Supreme Court considered the approach Defendant advocates in this case and determined that such an approach was rejected in our state by the absence of a rule authorizing it. *Id.* ¶¶ 21-23. Although our

10

Supreme Court felt bound by the restrictive language of Rule 5-605, it acknowledged that some changes to the rule may be constitutionally permissible and invited future consideration of changes to it. *Id.* ¶ 21 ("We are not at liberty, in a decisional context, to change the language of our rule. If there is to be a change in the rule or the policy underlying the rule, it must come through the normal rule-making process."(alteration, omissions, internal quotation marks, and citation omitted)). Our Supreme Court, however, has not altered Rule 5-605 since the opinion in *Sanchez* was published in 2000. *Sanchez* then states the prevailing view in New Mexico that a "post-submission substitution is error under Rule 5-605; it is error that creates a presumption of prejudice; the state must show under the circumstances . . . that the trial court took adequate steps to ensure the integrity of the jury process." *Id.* ¶ 23.

{14}     We have no case law deciding whether, under any circumstances, it was an abuse of discretion to declare a mistrial based on a refusal to make a post-submission substitution in the jury after the alternate jurors were dismissed. *Cf. State v. Sanchez*, 1995-NMSC-053, ¶ 16, 120 N.M. 247, 901 P.2d 178 (holding that the district court did not abuse its discretion by denying the defendants' motion for a retrial and refusing the defendants' request to replace a juror "with an alternate juror after the jury had retired to deliberate, and the alternate jurors had been dismissed for more than one day[,]" where the defendants were aware from voir dire of the juror's

11

relationship to an employee for the prosecution).We conclude that a higher degree of deference is appropriate when the court's refusal to make a post-submission substitution, after alternate jurors were already dismissed, resulted in a mistrial given our Supreme Court's prevailing view that a post-submission substitution is error that creates a presumption of prejudice.

{15} In this case, not only were the alternate jurors discharged and present in a public place, the deliberating juror Defendant sought to replace was removed, not for illness or another case-neutral emergency, but for a late disclosure of bias. *See Washington*, 434 U.S. at 513 ("There are compelling institutional considerations militating in favor of appellate deference to the trial judge's evaluation of the significance of possible juror bias."); *State v. Saavedra*, 1988-NMSC-100, ¶ 9, 108 N.M. 38, 766 P.2d 298 (stating that where "the underlying issue involves a deadlocked jury or possible jury bias, the trial judge should be allowed broad discretion whether to declare a mistrial"); *cf. Sanchez*, 2000-NMSC-021, ¶¶ 4, 9, 13, 16 (cataloging cases across the country involving post-submission substitution where a deliberating juror became disabled, ill, or incapacitated, and holding that the district court erred by making a post-submission substitution where the district court failed to take adequate precautions to protect the deliberative process, where a deliberating juror was discharged for illness).

{16}     Although the timing of the biased juror's disclosure was only five minutes into deliberations, Defendant's own proffer in district court to present testimony from one of the other deliberating jurors demonstrates that five minutes is not an insignificant time to deliberate; rather, it can be adequate time for jurors to reach certain conclusions. Indeed, Defendant asserted in the district court that "[t]he jury was five (5) to one (1) for acquittal." Our case law has long recognized that, generally, "a lone biased juror undermines the impartiality of an entire jury[.]" *State v. Gallegos*, 2009-NMSC-017, ¶ 22, 146 N.M. 88, 206 P.3d 993 (internal quotation marks and citation omitted). We agree with the State that the timing of the juror's confession of bias—after hearing the entire trial and having been excused to deliberate with the jury for even five minutes—gives rise to grave concerns that the juror's bias could have tainted or contaminated the remaining jurors. *See State v. Mann*, 2002-NMSC-001, ¶ 27, 131 N.M. 459, 39 P.3d 124 ("Jury tampering and juror bias present the clearest examples of potentially improper influences upon a jury[.]"); *cf. Gallegos*, 2009-NMSC-017, ¶ 23 (holding that a mistrial was not warranted given the early stage of the trial, the absence of a claim that there were improper communications among the jurors suggesting bias, the discreet manner in which the biased juror alerted the judge, and the early replacement of the juror with an alternate). The Supreme Court of the United States has stated that "[n]either party has a right to have

13

his case decided by a jury which may be tainted by bias; in these circumstances, the public's interest in fair trials designed to end in just judgements must prevail over the defendant's valued right to have his trial concluded before the first jury impaneled." *Washington*, 434 U.S. at 516 (internal quotation marks and citation omitted). This Court also has acknowledged that "where the irregularity involves possible partiality within the jury, it has been more often held that the public interest in fair verdicts outweighs [the] defendant's interest in obtaining a verdict by his first choice of jury." *State v. C. De Baca*, 1975-NMCA-120, ¶ 8, 88 N.M. 454, 541 P.2d 634.

{17} We recognize that the limited record available does not disclose the extent to which the magistrate court considered less drastic alternative measures to a mistrial, and we recognize that our case law requires some duty to inquire into those alternatives, but it is " 'not clear as to what kind or how much of an inquiry into alternatives is necessary.' " *State v. Salazar*, 1997-NMCA-088, ¶ 14, 124 N.M. 23, 946 P.2d 227 (alteration omitted) (quoting *C. De Baca*, 1975-NMCA-120, ¶ 10). Nonetheless, we are not persuaded that, where faced with this risk of jury contamination, the trial court was *required* to explore the proposed alternative to a mistrial—a post-submission substitution—which itself would have created a presumption of prejudice and would not have alleviated or even addressed the potential taint to the remaining jurors. *See Yazzie*, 2010-NMCA-028, ¶ 13 (explaining

14

that the second requirement for manifest necessity requires the trial judge to "determine whether an alternative measure—less drastic than a mistrial—can alleviate the problem so that the trial can continue to an impartial verdict" (internal quotation marks and citation omitted)). We have said that the proposed alternatives to a mistrial must be feasible or reasonable. *See State v. Messier*, 1984-NMCA-085, ¶¶ 13-14, 101 N.M. 582, 686 P.2d 272. Where the proposed alternative to a mistrial carries a likelihood of reversal, that alternative would not be reasonable.

{18}     We will not hold that it was an abuse of discretion, after the disclosure of a deliberating juror's bias, for the magistrate court to refuse a measure that would violate our only rule governing the discharge of alternate jurors in criminal trials and would also result in presumptive prejudice. *See Washington*, 434 U.S. at 500-02, 513 (explaining that the absence of an express finding from the trial court that alternatives to a mistrial were considered does not prevent a court from affording great deference to a trial judge's assessment of the potential bias of a jury); *Sanchez*, 2000-NMSC-021, ¶¶ 21-23. We agree with the district court and hold that the mistrial was justified by manifest necessity. *See Saavedra*, 1988-NMSC-100, ¶ 16 (concluding that where there are "sufficient reasons presented to justify declaration of a mistrial, . . . the fact that the judge would have been in a better position to assess the situation had he taken

the steps suggested by the defendant" does not preclude an affirmance of manifest necessity for a mistrial).

**CONCLUSION**

{19}     Based on the foregoing, we affirm the district court's denial of Defendant's motion to dismiss for violation of the Double Jeopardy Clause.

{20}     **IT IS SO ORDERED.**


_____
**EMIL J. KIEHNE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**HENRY M. BOHNHOFF, Judge**