The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion number:_____

Filing Date: June 8, 2022

**No. A-1-CA-38870**

**CITY OF LAS CRUCES,**

      Plaintiff-Appellant,

v.

**RENEE APODACA,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

City of Las Cruces
Jennifer Vega-Brown, City Attorney
Jocelyn A. Garrison, Senior Assistant City Attorney
Las Cruces, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**YOHALEM, Judge.**

{1}     The opinion filed May 17, 2022, is hereby withdrawn, and this opinion is substituted in its place. This is an appeal by the City of Las Cruces (the City), from the district court's decision granting Defendant's motion to dismiss and to bar retrial under the double jeopardy clause of Article II, Section 15, of the New Mexico Constitution, based on judicial and prosecutorial misconduct in municipal court.

{2}     The City raises two issues on appeal:[1] (1) whether the district court had authority to hear and decide Defendant's motion to dismiss and to bar retrial based on alleged official misconduct in the municipal court; and (2) whether the district court erred in relying on the limited record in the municipal court and the arguments of counsel to reconstruct the events at trial in a court not of record. Finding no error by the district court, we affirm.

---

[1]We note that the briefs on appeal raised a jurisdictional issue. We agreed with the City that the municipal court's order of conviction was not a final, appealable order. We remanded for entry of final orders by the municipal and district courts, with leave for the City to reinstate its appeal upon the entry of those orders. Final orders having been entered, the jurisdictional issue resolved, and the City's appeal reinstated, we now address the City's remaining arguments.

## BACKGROUND

{3}     We describe the municipal court proceedings based on the municipal court record and the arguments of counsel, which were accepted by the district court as the facts on which it based its decision.

{4}     Defendant was charged with five misdemeanors in the City of Las Cruces Municipal Court arising from a single incident, (1) aggravated driving while intoxicated, (2) driving on the wrong side of the street, (3) improper turn, (4) open container, and (5) driving without a license. The municipal court dismissed the driving without a license charge before trial. The City produced four DVD's (video recordings) to Defendant without identifying what it intended to introduce at trial. All four contained multiple video clips. The City's pretrial list of exhibits indicated that the City intended to introduce "[a]ny and all videos and photos produced by Plaintiff or Defendant," without further specification.

{5}     At trial, the City called Officer Albert Garcia as a witness, and moved to admit one of the video recordings into evidence through his identification. The City did not clarify to Defendant or to the municipal court which of the four video recordings the City was attempting to admit at trial, but indicated only that it was one of the four that had been disclosed to the defense.

{6}     Defendant objected to the admission of the video recording, stating that counsel had no way of knowing which of the previously disclosed four recordings

2

the City was moving to admit, or whether the video recording at issue was in fact a true and accurate copy of one of the recordings that had been previously disclosed. Defendant further objected to the admission of the video recording without it being played in open court on hearsay and confrontation grounds. Defendant argued she would have no opportunity to object to the admission of hearsay and violation of Defendant's right to confrontation without the video being played in open court. The City agreed that the video recording contained both admissible evidence and inadmissible hearsay "that was probably probative" on the recording and did not deny that there were statements on the video made by individuals who testified at trial, as well as by individuals not called by the City as witnesses.

{7} The City claimed that it sought to admit only the nonhearsay portions of the video recording but failed to identify with time stamps or otherwise the admissible and inadmissible portions of the video.

{8} The municipal court admitted the video recording over Defendant's objection.[2] The City did not play the recording in whole or in part during trial. The

---

[2]The City claims, for the first time in its brief on appeal to this Court, that defense counsel stipulated to the admission of the video recording. The record in the district court shows that the City agreed with defense counsel that the video recording was admitted over her objection. Because the district court was not alerted—by objection, by the admission of conflicting evidence, or by a proposed finding—to the City's claim, we will not review it on appeal. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). We accept and rely on the facts found by the district court in determining what happened in the municipal court for purposes of

3

police officers called by the City as witnesses testified briefly, and then relied on the recording to flesh out their testimony. Defendant repeatedly objected, arguing that she was unable to cross-examine the police officers about the recorded statements because her counsel had no information identifying what was on the recording.

{9} During closing argument the City relied on the unplayed video recording as evidence of Defendant's guilt. Defendant once again objected, noting that the defense did not have an opportunity to object to the inadmissible evidence on the recording or cross-examine the officers who testified in court with reference to the video evidence. Defense counsel asked the municipal court to grant a directed verdict on the aggravated DWI charge, pointing out that the City failed to elicit testimony from the witnesses at trial on a required element of the charge: that Defendant had been advised, at the time of her traffic stop, that refusal to submit to alcohol breath testing "could result in the revocation of [D]efendant's privilege to drive." UJI 14-4510 NMRA. In response to that motion, the City claimed, without reference to a time-stamp, that the advisement could be heard on one of the four video tracks admitted into evidence, but not played at trial. The municipal court

---

this appeal. *See State v. Baca*, 2015-NMSC-021, ¶ 25, 352 P.3d 1151 (holding that the appellate court defers to the facts found by the district court concerning the inferior court proceedings in reviewing a dismissal for double jeopardy).

denied Defendant's motion for directed verdict on the basis that the video provided the missing evidence.

{10} At the conclusion of the closing arguments, the municipal court judge stated that he would review the video recording in chambers, without either party present. Defendant's counsel objected, citing confrontation clause violations, the improper admission of hearsay, and Defendant's due process right to be present and have the assistance of counsel at all critical stages of the proceedings. The municipal court again overruled Defendant's objection, took the video recording into chambers and reviewed it privately after the conclusion of the trial. Defendant's counsel was not given a copy of the video or otherwise permitted to review it. Six days after trial, the municipal court entered a verdict of guilty on the four remaining counts.

{11} Defendant filed a post-trial motion to dismiss with prejudice and to bar retrial alleging prosecutorial and judicial misconduct. Defendant argued that the municipal court's admission into evidence of and reliance on the video recording to convict Defendant of the charges against her violated her right to confront the witnesses against her, denied her due process, and denied her the right to assistance of counsel.

{12} Without waiting for a ruling on her post-trial motion, Defendant appealed to the district court. Relying on the limited record of the municipal court proceedings filed in the district court, including the video recording introduced at trial and the statement of facts in defense counsel's post-trial motion, Defendant filed a pretrial

motion in the district court to dismiss and to bar retrial. Defendant relied on the holding of our Supreme Court in *State v. Breit*, 1996-NMSC-067, 122 N.M. 655, 930 P.2d 792, to argue that misconduct by the prosecutor and the municipal court judge violated the double jeopardy clause of the New Mexico Constitution, and, therefore, precluded retrial in the district court.

{13} After the hearing on Defendant's pretrial motion and a thorough review of the entire record on appeal from the municipal court, including the video recording admitted into evidence in the municipal court, the district court agreed with Defendant that misconduct barred retrial. The City appealed to this Court.

**DISCUSSION**

**I. The District Court Was Authorized to Hear and Decide Defendant's Dispositive Pretrial Motion to Dismiss and Bar Retrial**

{14} The City contends that, in an appeal from Defendant's conviction in municipal court, the district court lacked authority to hear and decide Defendant's pretrial motion. The City claims that the district court erroneously applied the limited exception identified by our Supreme Court in *City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 11, 311 P.3d 446, by conducting a hearing de novo and deciding Defendant's motion, when instead it should have proceeded to conduct a trial de novo. The City supports its claim by characterizing Defendant's motion as a request to the district court to review an evidentiary decision by the municipal court for reversible error.

6

{15} Although the City is correct that the district court does not act as a typical appellate court in an appeal from a municipal court conviction and generally conducts the appeal by trial de novo, the authority of the district court on appeal from a court not of record extends to hearing and deciding certain pretrial motions that require review of the proceedings in the municipal court. *See id.* ¶¶ 11-12. We look to the nature of the motion filed in the district court to determine whether the motion is subject to a de novo hearing in the district court under our Supreme Court's decision in *Piñon-Garcia*. *See id.* ¶ 12.

{16} We are not persuaded by the City's contention that Defendant's motion seeks reversal based on a claim of evidentiary error in the municipal court. Although the municipal court's decision to admit the video recording into evidence over Defendant's objection played a role in the events which underpin Defendant's motion, the motion does not seek reversal and remand for retrial on the basis of the municipal court's abuse of discretion in admitting that evidence. Defendant's motion focused instead on the prejudicial impact on the defense of the prosecution's conduct in failing to identify the recording and to identify the portions of the recording it sought to introduce into evidence; the erroneous admission into evidence of the entire video recording without allowing the defense to object to hearsay; the judge's repeated refusal to allow the video recording to be played in open court; the inability of the defense to cross-examine witnesses concerning the video evidence; and the

7

judge's reliance on a private review of the video recording in chambers as evidence supporting conviction. The basis for Defendant's double jeopardy motion was not simply (or even primarily) the evidentiary error that occurred below, but the repeated refusal of the prosecution and the municipal court judge to consider the prejudicial impact of improper judicial decisions and prosecutorial failures on Defendant's right to defend herself, to confront the witnesses against her, and to appear and be defended by counsel at all critical stages of the proceedings.

{17}     Alleging misconduct in the municipal court by both prosecutor and judge, Defendant sought in the district court to bar retrial, pursuant to her right not to be tried twice under the double jeopardy clause of the New Mexico Constitution. Misconduct by the prosecution and judge that prejudice a defendant's right to a fair trial has been held by our Supreme Court in *Breit*, and most recently in *State v. Hildreth*, 2022-NMSC-012, 506 P.3d 354 (which expressly extends *Breit* to judicial misconduct) to bar retrial under Article II, Section 15 of the New Mexico Constitution, the double jeopardy clause. The Court in *Breit* found that retrial is barred

> when improper official conduct is so unfairly prejudicial to the defendant that it cannot be cured by means short of a mistrial or a motion for a new trial, and if the official knows that the conduct is improper and prejudicial, and if the official either intends to provoke a mistrial or acts in willful disregard of the resulting mistrial, retrial, or reversal.

1996-NMSC-067, ¶ 32.

**{18}** The nature of Defendant's motion fits squarely within the *Piñon-Garcia* exception to proceeding with a trial de novo on appeal in the district court from an inferior court not of record. *See* 2013-NMSC-046, ¶ 13. It is exactly this sort of potentially dispositive pretrial motion that *Piñon-Garcia* holds demands review by a hearing de novo in the district court. Defendant's motion stated a claim for official misconduct at trial, which, if established at a hearing de novo in the district court, would fully dispose of the charges against Defendant and bar retrial in the district court. Indeed, our Supreme Court specifically includes double jeopardy violations along with speedy trial and discovery rule violations as examples of the violations of "constitutional safeguards and procedural rules" in an inferior court not of record that must be reviewed by the district court by hearing de novo upon the request of counsel in a pretrial motion. *Id.* ¶ 2. We conclude, therefore, that the district court acted well within its authority in considering and deciding Defendant's motion to dismiss and to bar retrial on its merits.[3]

---

[3]We note that the City does not claim error in the district court's ruling on the merits of the court's application of the *Breit* factors. We, therefore, do not review this issue on appeal.

**II. The District Court Properly Reconstructed the Record in the Municipal Court**

{19}     The City's remaining claim on appeal is that the district court erred in relying on the limited record on appeal and the proffers of counsel to reconstruct the challenged events in the municipal court, a court not of record.

{20}     In *Piñon-Garcia*, our Supreme Court emphasized that the district court cannot disregard the history of the case in municipal court when called upon to decide a dispositive pretrial motion involving the compliance of municipal court proceedings with the constitution or court rules. *See* 2013-NMSC-046, ¶ 12. Acknowledging that the record on appeal from a municipal court is limited and generally does not include a trial transcript, our Supreme Court directed the district court to rely on the pleadings, other written documents prepared in the municipal court, and exhibits that constitute the municipal court record on appeal, together with the stipulations of counsel. *See id.*; *see also State v. Vanderdussen*, 2018-NMCA-041, ¶ 2, 420 P.3d 609 (explaining that the district court "was bound by events that transpired in [the] magistrate court and therefore was required to base its independent judgment on the limited record brought before it and the arguments made by counsel in district court").

{21}     At the hearing on Defendant's motion to dismiss and bar retrial, the district court noted that it had reviewed the entire municipal court record, including the video recording, and indicated that it would review the entire municipal court record

again before making a decision. Although claiming the record was inadequate, the City agreed with the defense that (1) the defense had objected to the admission of the unidentified video recording repeatedly at trial; (2) the defense had repeatedly requested that the recording be played in open court, and the court refused the request; (3) the video recording mixed probative hearsay statements with admissible evidence; and (4) the municipal court overruled Defendant's objection to the court reviewing the video recording privately outside the presence of counsel. The City offered no affidavits or evidence that conflicted with this description of the events at trial, or the description found in Defendant's post-trial motion, and repeated in her motion in the district court. Although Defendant's post-trial motion was withdrawn and was not decided by the municipal court, it was prepared contemporaneously with the events in the municipal court by the municipal court defense counsel (who also argued the double jeopardy motion before the district court), it was served on the City and was included in the municipal court record on appeal. We see no error in the district court's reliance on the limited municipal court record and the facts agreed upon by counsel at the hearing in district court to reconstruct the record and then to render a de novo decision on Defendant's motion.

**CONCLUSION**

{22}    Finding no error by the district court, we affirm the district court's dismissal of the charges against Defendant for violation of the double jeopardy clause of Article II, Section 15 of the New Mexico Constitution.

{23}    **IT IS SO ORDERED.**


                                                    _____
                                                    **JANE B. YOHALEM, Judge**


**WE CONCUR:**


_____
**KRISTINA BOGARDUS, Judge**


_____
**MEGAN P. DUFFY, Judge**

12